**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**MD SHAKILUR RAHMAN**,

    Plaintiff,

    v.                                                            Case No. 2:24-cv-02950-BCL-cgc

**FEDEX CORPORATE SERVICES**,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 42), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 51), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS AND ASSERT A CLAIM FOR PUNITIVE DAMAGES (DOC. 53)**

---

Before the Court are two motions for summary judgment in this long-running employment discrimination dispute. In his motion (Doc. 51), Plaintiff MD Shakilur Rahman, proceeding pro se, seeks summary judgment on his claim of employment discrimination. Doc. 51. In its Motion (Doc. 42), Defendant FedEx Corporate Services seeks judgment on the ground that Plaintiff has failed to make a prima facie showing of discrimination (among other arguments). Doc. 42.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 51), and **GRANTS** FedEx's Motion for Summary Judgment (Doc. 42). Plaintiff's Motion for Leave to Amend Pleading and Assert a Claim for Punitive Damages (Doc. 53) is **DENIED** as moot, as are any other pending motions.[1]

---

[1] Aside from a request to replead for purposes of seeking punitive damages, Plaintiff's Motion to Amend does not specify the amendments Plaintiff proposes to make. To the extent Plaintiff wishes to add allegations concerning the claimed 2023 hiring freeze, for the reasons explained by Magistrate Judge Claxton in denying Plaintiff's motion for leave to take discovery on that issue (Doc. 50), Plaintiff has not shown good cause to amend the scheduling order to adjust the deadline for motions to amend, which expired in March 2025. Doc. 18 at 1.

## BACKGROUND

Beginning in May 2022, Plaintiff MD Shakilur Rahman was employed by Defendant FedEx as an Associate Customer Technology Consultant. Doc. 42-2 at 1; Doc. 52 at 1. Mr. Rahman, who is Bangladeshi, filed this lawsuit claiming that FedEx's failure to hire him for an internal position was due to impermissible employment discrimination on the basis of his nationality. Doc. 1; Doc. 2 at 3-4.  He asserts a claim under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e to 2000e-17. Doc. 1 at 1.

**A.** As noted, the claims arise out of FedEx's failure to hire internally.  Mr. Rahman has changed his position concerning whether his claims are based on a single position or instead on both of the positions for which he applied. At this point, the facts related to both positions are recounted in the light most favorable to Mr. Rahman.

First, in June 2023, Mr. Rahman applied for a position as a Business Product Analyst II, which had two requisition numbers—RC 622042 and RC 624283. Doc. 42-2 at 1; Doc. 52 at 1. Mr. Rahman interviewed for the position, but he was not ultimately selected. Doc. 42-2 at 2; Doc. 52 at 1.

Second, in July 2023, Mr. Rahman applied for a position as a Customer Service Technology Advisor. Doc. 42-2 at 2; Doc. 52 at 1. This position required a minimum total of nine years of experience, which could be achieved in two ways: (1) bachelor's degree in computer science, computer engineering, computer information systems or related field, plus five years of experience in computer support; or (2) nine years of experience in the computer support field. Doc. 42-2 at 3; Doc. 52 at 3. Under FedEx policy, when an applicant is credited for four years of work experience by virtue of the applicant's bachelors degree, the applicant may be credited for two additional years of work experience (for a total of six years) if the applicant has also earned a master's degree—

2

but no matter how many master's degrees an applicant has earned, the applicant cannot be credited with more than two years of experience when the applicant is also receiving four years of experience for having earned a bachelor's degree." Doc. 42-2 at 2-3; Doc. 52 at 2-3. At the time Mr. Rahman applied for the Computer Service Technology Advisor position, he lacked the minimum qualifications: While he had had a bachelor's degree, two master's degrees, and 13 months' relevant work experience, that added up to only seven years of experience (not the nine that was required). Doc. 42-2 at 3-4; Doc. 52 at 3. Plaintiff stated to the EEOC that when he called the hiring manager, Ann Tharp, to inquire as to the status of the hiring process, she told him that she had not received his resume and that he "likely did not meet the experience criteria." Doc. 2-1 at 6.

FedEx HR Strategic Advisor, Camille Worthy, worked with a third-party vendor to screen the applications for the Customer Service Technology Advisor. Doc. 42-2 at 2; Doc. 52 at 1.  FedEx neither interviewed nor hired Mr. Rahman for this position. Doc. 42-2 at 2; Doc. 52 at 1. It did interview two other candidates, who were United States citizens. Doc. 2-1 at 12. Ms. Worthy has provided a declaration under penalty of perjury stating that, at the time applicants were screened, she was not aware of Mr. Rahman's national origin and did not become aware of Mr. Rahman's national origin until he filed this lawsuit.[2] Doc. 42-2 at 2; Doc. 42-7 at 3. The position ultimately went unfilled. Doc. 42-2 at 3; Doc. 52 at 3.

**B.** Looming in the background is a FedEx hiring freeze, which FedEx characterizes as companywide and to which FedEx points as a legitimate, nondiscriminatory reason why it did not interview or hire Mr. Rahman for the Customer Service Technology Advisor position. Doc. 42-2

---

[2] As the wording perhaps suggests, Mr. Rahman contests this fact. Doc. 52 at 1.  The basis and import of that contestation is discussed below.

at 4; Doc. 42-7 at 3.  Mr. Rahman does not dispute that a companywide hiring freeze—or presumably any hiring freeze covering the target position—would be a legitimate, nondiscriminatory reason for failing to hire him. Doc. 42-2 at 4; Doc. 42-6 at 6. However, he argues that there exist questions concerning whether it existed, or perhaps whether it covered the Customer Service Technology Advisor position, because (1) FedEx admittedly posted job openings during the relevant June 2023 timeframe (Doc. 12 at 3; Doc. 49 at 5); and (2) two other candidates in fact received interviews for that position (Doc. 2-1 at 12).  In a recent declaration, Plaintiff has added "personal knowledge" that, during the same month, "Mr. Anthony Cook was promoted from a Senior Customer Technology Consult role to a Customer Service Technology Advisor Role, and Mr. Doug Ware was promoted from the Field Services team to the Regional Services team." Doc. 43-1 at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on a claim or defense or a part of a claim or defense.  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "There is no genuine issue for trial when the record as a whole"—including "the pleadings, the discovery and the disclosure materials on file, and any affidavits"—"could not lead a rational trier of fact to find for the non-moving party." *See Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quotation marks and citation omitted). In resolving a motion for summary judgment, a court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Id.*

4

## ANALYSIS

A claim of national origin discrimination in violation of Title VII is governed by the *McDonnell Douglas* framework, under which "the plaintiff must [first] make a prima facie showing that the defendant acted with a discriminatory motive." *Ames v. Ohio Dep't of Youth Services*, 605 U.S. 303, 306 (2025); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). To do so, the plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) that similarly-situated persons not in the protected class were treated differently. *Thurman v. Yellow Freight Sys. Inc*., 90 F.3d 1160, 1166 (6th Cir.1996). "If the plaintiff clears that hurdle, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Ames*, 605 U.S. at 308-09. "Finally, if the employer articulates such a justification, the plaintiff must then have a fair opportunity to show that the stated justification was in fact pretext for discrimination." *Id.* at 309. "A plaintiff may succeed under the *McDonnell Douglas* framework either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.*

For the reasons given below, Mr. Rahman has failed to make a prima facie case of discrimination. The Court therefore grants FedEx's Motion for Summary Judgment. It also denies Mr. Rahman's motion for the same reason and for the independent reason that it is untimely.

I. **FedEx is entitled to summary judgment because Mr. Rahman has not made a prima facie showing of discrimination.**

A. FedEx does not dispute that Mr. Rahman is a member of a protected class. And while the parties debate whether FedEx's decision not to interview Mr. Rahman counts as an adverse employment action given that it ultimately did not hire anyone for the Customer Service

5

Technology Advisor role, the Court need not reach that issue.[3]  Even if the failure to interview Mr. Rahman does count as an adverse employment action, he still has not shown a prima facie claim for discrimination because (1) he has not shown that he was qualified for the Customer Service Technology Advisor role, and (2) he has not shown that similarly situated persons not in his protected class were treated differently.

*First*, Mr. Rahman's attempt to show a prima facie case for discrimination fails because he has not shown that he was qualified for the position. In fact, the undisputed evidence shows the opposite: While he had had a bachelor's degree, two master's degrees, and 13 months' relevant work experience, that added up to only seven years of experience under FedEx's undisputed method for computing experience (not the nine that was required). Doc. 42-2 at 3-4; Doc. 52 at 3. Indeed, Mr. Rahman *concedes* as much, agreeing that it is "undisputed" that "Mr. Rahman did not meet the minimum nine-year experience threshold to be considered for the CSTA position and, therefore, he was not interviewed." Doc. 42-2 at 3; Doc. 52 at 3.  Because Mr. Rahman was admittedly not qualified for the Customer Service Technology Advisor role, he has not shown a prima facie case of discrimination. *See Thurman*, 90 F.3d at 1166.

*Second*, Mr. Rahman has not made a prima facie showing of discrimination because he has not shown that similarly-situated persons not in his protected class were treated differently—i.e., that they were interviewed for (and perhaps hired for, depending on how one views Mr. Rahman's

---

[3] FedEx takes the position that any prima facie showing of discrimination is precluded because no one was hired for the Customer Support Technology Advisor position, and that a refusal to interview a candidate cannot itself be an adverse employment action. Doc. 42-1 at 5-7. Mr. Rahman does not explicitly address the issue, but his claims necessarily rest on one or both of two positions: that a refusal to interview can be an adverse employment action, or that a failure to hire can be an adverse employment action even if no one was ultimately hired. FedEx's proposed rule appears to sweep too broadly: If an employer received only applications from qualified members of protected class A and decided not to interview and/or hire anyone because it did not want employees from protected class A, that seems like it would count as an adverse employment action.  But, as stated in the text, the Court need not definitively resolve that question here.

poorly defined claim) the Customer Service Technology Advisor position. *Thurman*, 90 F.3d at 1166.  It is undisputed that no one was hired for that position. Doc. 42-2 at 3; Doc. 52 at 3. Mr. Rahman likewise has not pointed to anything in the record identifying others who purportedly interviewed for the position, much less showing that they were similarly situated to him. And while Mr. Rahman has claimed in filings that two other individuals were promoted at around the same time to other positions, he has not pointed to anything in the record supporting that claim or that those individuals were similarly situated to him.  Thus, Plaintiff's attempted prima facie showing of discrimination fails for this independent reason.  Without a showing that someone similarly situated was treated more favorable, there is no basis for an inference that discrimination occurred.

**B.**  Construed liberally, Plaintiff's filings make two additional arguments.

*First*, Plaintiff appears primarily to take issue with FedEx's claim of a hiring freeze—which FedEx offers as a legitimate, nondiscriminatory reason for the adverse employment action in the event Mr. Rahman has made out a prima facie claim. Doc. 42-1 at 6; Doc. 43 at 1-3. Basically, Mr. Rahman argues (in filings, without pointing to materials in the record) that two individuals were promoted to other positions at the time of the hiring freeze, and that FedEx had several open positions on its website around this time.  It is debatable whether these facts, if supported with record materials, could create a genuine issue of material fact concerning either the existence of the hiring freeze or whether it included the Customer Service Technology Advisor position within its scope. Much would likely turn on what the record—had Mr. Rahman developed it—showed about the terms of the freeze and the similarity of the positions at issue to the one Mr. Rahman sought.  But the Court need not reach Mr. Rahman's arguments on this point for two independent reasons: (1) Mr. Rahman failed to develop the record concerning the hiring freeze despite having ample time to take discovery (Doc. 50) and (2) Mr. Rahman's claim in any event fails at an

7

antecedent stage because he has not made a prima facie showing of discrimination. *Ames*, 605 U.S. at 308-09.

*Second*, in his belated response to FedEx's statement of undisputed material facts, Mr. Rahman attempts a pivot that would broaden his claim to include alleged discrimination in connection with hiring for the Business Product Analyst II position. Doc. 52 at 1-2. The attempted pivot fails: Mr. Rahman did not base his claim on this position in his complaint and supporting materials (*see* Doc. 2-1 (basing claim of discrimination solely on the Customer Technology Advisor position)) and in fact disclaimed any claim of discrimination based on the Business Product Analyst position during his deposition (Doc. 42-6 at 3-4). A party faced with a motion for summary judgment may not create a genuine issue of material fact simply by contradicting himself—especially when he is contradicting his earlier sworn testimony. *See, e.g., Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). And allowing Mr. Rahman to do so here would be particularly pernicious given that discovery has closed and the case is nearing trial.

*       *       *

For the foregoing reasons, FedEx's Motion for Summary Judgment is GRANTED.

II.    **Mr. Rahman's Motion for Summary Judgment is untimely, and in any event fails on the merits.**

Plaintiff has filed his own Motion for Summary Judgment, in which he focuses primarily on challenging FedEx's invocation of a hiring freeze as one of its legitimate and non-discriminatory bases for the purported adverse employment action. Doc. 51. This Motion must be denied because it is untimely by more than a month: Dispositive motions were due by March 20, 2026 (Docs. 18, 26, 28), but Mr. Rahman did not file his motion until April 22 (Doc. 51) and offers no explanation for the late filing—much less good cause for excusing the tardiness.

8

And even if the Court were to consider the merits, Mr. Rahman's motion must be denied for the same reasons requiring that FedEx's motion be granted.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 51), and **GRANTS** FedEx's Motion for Summary Judgment (Doc. 42). Plaintiff's Motion for Leave to Amend Pleading and Assert a Claim for Punitive Damages (Doc. 53) is **DENIED** as moot, as are any other pending motions. The clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 27th day of April, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE